## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25cv20165

JAMES WATSON,

      Plaintiff,

v.

NFCGC CAFÉ LLC D/B/A JUAN VALDEZ

      Defendant.

_____/

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

      Defendant, NFCGC CAFÉ LLC D/B/A JUAN VALDEZ ("Defendant") by and through the undersigned counsel and pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1446, hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida. In support of this Notice of Removal, Defendant states as follows.

      1.     On November 29, 2024, Plaintiff JAMES WATSON ("Plaintiff") filed a Complaint and Demand for Jury Trial against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, captioned as *James Watson., v. NFCGC Café LLC D/B/A Juan Valdez*, Case No. 2024-234466-CC05 (the "State Court Action").

      2.     NFCGC CAFÉ LLC D/B/A JUAN VALDEZ received service of the Complaint on December 17, 2024.

      3.     Removal of the State Court Action is proper under 28 U.S.C. § 1441 and 28 U.S.C. § 1331 (federal question) because the Complaint includes claims arising under the laws of the United States, namely, The Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

4.      This Court may exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the remaining claims alleged in the Complaint because those claims form part of the same case and controversy as those claims asserted under 42 U.S.C. § 12101 *et seq.*

5.      This Notice of Removal is timely because it is being filed within 30 days after receipt by or service on Defendant or the initial pleading and summons. Defendant has filed a Motion for Extension of Time to respond to the Complaint in the State Court Action. Copies of the Civil Cover Sheet, Summons and Complaint, are attached hereto as **Exhibit "A."** Copies of all Motions, Orders, Notices, and copy of the Docket is attached as **Exhibit "B."**

6.      Promptly after its filing, Defendant's counsel will give written notice of this Notice of Removal to Plaintiff's counsel and file a copy of this Notice of Removal with the clerk of courts for the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in accordance with 28 U.S.C. § 1446(d).

7.      This Notice of Removal is signed by the undersigned counsel for Defendant pursuant to Rule 11, Federal Rules of Civil Procedure.

8.      By removing the State Court Action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Defendant does not waive any defenses, counterclaims, cross-claims, or third-party claims that it may have, nor does it admit any of the allegations contained within the Complaint.

WHEREFORE, Defendant, NFCGC CAFÉ LLC D/B/A JUAN VALDEZ respectfully removes the above-captioned action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida.

Dated: January 10, 2025

**HIRZEL DREYFUSS & DEMPSEY, PLLC**
*Attorneys for Defendant*
1200 Anastasia Ave, Suite 240
Coral Gables, Florida 33134
Telephone: (305) 615-1617
Facsimile: (305) 615-1585


By: /s/ *Leon Hirzel*
**LEON F. HIRZEL**
Florida Bar No. 085966
hirzel@hddlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2025, the foregoing document was sent via the Court's ECF system to all counsel of record.


By: /s/ *Leon Hirzel*

# Exhibit "A"

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>JAMES WATSON</u>
Plaintiff                                               Case # _____
                                                        Judge  _____

vs.
<u>NFCGC CAFE LLC, d/b/a Juan Valdez</u>
 Defendant

### II.   AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☒ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  2

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Juan Courtney Cunningham</u>     Fla. Bar # <u>628166</u>
       Attorney or party              (Bar # if attorney)

<u>Juan Courtney Cunningham</u>        <u>12/03/2024</u>
  (type or print name)          Date

- 3 -

IN THE COUNTY COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JAMES WATSON,

     Plaintiff,

v.

NFCGC CAFÉ, LLC,
d/b/a Juan Valdez

     Defendant.

_____/

GENERAL DIVISION
CASE NO.:

## **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, James Watson, by and through the undersigned counsel, sues Defendant, NFCGC Cafe, LLC, d/b/a Juan Valdez, and in support state as follows:

1.    This Court has original jurisdiction over the action arising under Chapter 11A, Section 11A-19, and 11A-24 of the Miami-Dade County Code of Ordinance, and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*, 28 C.F.R. §36.105(b)(2).

2.    The amount in controversy is under $50,000.00 dollars, as such, this Court has subject matter jurisdiction over such matter.

3.    All events giving rise to this action occurred in Miami-Dade County, Florida.

4.    Plaintiff, James Watson ("Watson" or "Plaintiff"), is a resident of Miami Dade County, *is sui juris*. Plaintiff is legally blind, as such substantially limited in the major life activity of seeing, as such qualifies as an individual with disabilities as defined by the ADA, and the Miami-Dade County Code 11A-2 (17)(c).

5.     Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D), and the Miami-Dade County Code 11-A2(17)(c).

6.     Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for asserting his civil rights, and ensuring, that places of public accommodation and/or their respective and associated websites comply with the ADA and any other applicable disability laws, regulations, and ordinances.

7.     Defendant, NFCGC Cafe, LLC, is a Florida Limited Liability Company authorized and doing business in the State of Florida, which owns, operates, and/or controls, either directly or through franchising agreements, a chain of cafes and retail stores selling coffee, beverages, and other products, branded "Juan Valdez" with locations within Miami Dade County. Each "Juan Valdez" café and store is open to the public. As such, a Place of Public Accommodation subject to the requirements of Title III of the ADA as defined by 42 U.S.C. §12181(7)(B) and (E) and 28 C.F.R. §36.104(2)(5), and Miami-Dade County Code 11A-20 (b) and (e). Defendant, NFCGC Cafe, LLC, is also referenced throughout as "place of public accommodation," or "Juan Valdez."

## FACTUAL BACKGROUND

8.     Under the relevant statutes and regulations "Juan Valdez" is a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(E) as "a bakery, grocery dealer, clothing dealer, hardware dealer, shopping center, or other sales or rental establishment" 28 C.F.R. 36.201(a) and 36.104(5), and the Miami-Dade County Code 11A-20(e). In addition, "Juan Valdez" is a place of public accommodation pursuant to 42 U.S.C. §

12181(7)(B) as "a restaurant, bar, or other establishment serving food or drink" 28 C.F.R. 36.201(a) and 36.104(2), and the Miami-Dade County Code 11A-20(b).

Places of public accommodation shall mean any establishment, service, place or building which offers, sells or otherwise makes available to the public any good, service, facility, privilege or advantage. Each of these establishments which services the public is a place of public accommodation within the meaning of this article:

(b)     A restaurant, bar or other establishment serving food or drink;

(e)     A bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;

9.      As the owner, operator and/or controller of cafes and stores open to the public, Defendant, NFCGC Cafe, LLC, is defined as a place of "Public Accommodation" within the meaning of  Title III of the ADA because is a private entity which owns and/or operates a "restaurant" and "retail store"; 42 U.S.C. §12181(7)(B) and (E) and 28 C.F.R. §36.104(2), and Miami-Dade County Code 11A-20 (b) and (e).

10.     Because Defendant is a cafes and stores open to the public, each of Defendant's physical cafes and stores is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B) and (E), §12182, and 28 C.F.R. §36.104(2), and Miami-Dade County Code 11A-20 (b) and (e).

11.     Subsequent to the effective date of the ADA and the enactment of the Miami-Dade County Human Rights ordinance, Defendant constructed, or caused to be constructed, an adjunct website, https://www.juanvaldezcafestore.com ("Website"), which is designed to provide the public information about Defendant's "Juan Valdez" cafes and stores. The website supports, is an extension of, is in conjunction with, is complementary

and supplemental to Defendant's place of public accommodation. The website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at the "Juan Valdez" physical cafes and stores. Defendant also sells to the public its food and beverage products and merchandise through the Website.

12.     By and through this website, Defendant extends its public accommodation into individual persons' homes, portable devices and personal computers wherever located. The website is a service, facility, privilege, advantage, benefit and accommodation of Defendant's place of accommodation. The Website is offered as a way for the public to become familiar with "Juan Valdez" menu selections, hours of operation, locations and other information Defendant seeks to communicate to the public. Through the website the public can purchase gift cards for use online and in physical cafes and stores, schedule for in-store pickups food, beverages and merchandise purchased online. The website also provides the public information about "Juan Valdez" subscriptions, corporate services plans, expresso catering services online, as well as the ability to contact them online. Therefore, the website has integrated with and is a nexus to Defendant's brick and mortar locations. By this nexus, the website is characterized as a Place of Public Accommodation to Title III of the ADA 42 U.S.C. §12181(7)(B) and (E), §12182, and 28 C.F.R. §36.104(2), and Miami-Dade County Code 11A-20(b) and (e).

13.     As the owner or operator of the subject website, Defendant is required to comply with the ADA and the provisions cited above. This includes an obligation to create and maintain a website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the website and the content therein, including the ability to shop through the website, and contact the desired location.

14.     Since the Website is open to the public through the internet, by this nexus the Website is an intangible service, privilege, and advantage of Defendant's "Juan Valdez" cafes and stores that must comply with all requirements of the ADA, must not discriminate against individuals with visual disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages as are afforded the non-visually disabled public both online and in the brick-and-mortar locations. As such, Defendant has subjected itself and the Website to the requirements of the ADA.

15.     Because of Plaintiff's disability, he cannot read computer materials, access the internet or websites for information without the assistance of appropriate and available auxiliary aids, screen reader software specially designed for the visually impaired. Plaintiff uses the JAWS Screen Reader software, which is one of the most popular reader Screen Reader Software ("SRS") used worldwide to read computer materials and comprehend the website information which is specifically designed for persons who are blind or have low vision.

16.     The Screen reader software translates the visual internet into an auditory equivalent. At a rapid pace, the software reads the content of a webpage to the user. "The screen reading software uses auditory cues to allow a visually impaired user to effectively use websites. For example, when using the visual internet, a seeing user learns that a link may be 'clicked,' which will bring him to another webpage, through visual cues, such as a change in the color of the text (often text is turned from black to blue). When the sighted user's cursor hovers over the link, it changes from an arrow symbol to a hand. The screen reading software uses auditory -- rather than visual -- cues to relay this same

information. When a sight impaired individual reaches a link that may be 'clicked on,' the software reads the link to the user, and after reading the text of the link says the word 'clickable.'…Through a series of auditory cues read aloud by the screen reader, the visually impaired user can navigate a website by listening and responding with his keyboard." *Andrews v. Blick Art Materials, LLC*, 17-CV-767, 2017 WL 6542466, at *6-7 (E.D.N.Y. Dec. 21, 2017).

17.    On or about August 10, 2023, Plaintiff attempted to access and/or utilize Defendant's website to test for accessibility, to browse through the merchandise and online offers to educate himself as to the merchandise, services, sales, and promotions being offered, learn about the brick and-mortar cafes and stores, check store hours, and merchandise pricing. Still, he could not enjoy full and equal access to the website and/or understand the content therein because several portions of the website do not interface with and are not readable by SRS. Features of the mobile website that are inaccessible to SRS users include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

   i.    Guideline 1.1.1 – Non-Text Content. The homepage carousel slides are not announced. For example, the '15% off' slide is announced as "blank" while the '10% off for joining the VIP list' is announced as only "clickable."

   ii.   Guideline 1.3.1 – Info and Relationships. We tested the Doral menu which is six pages long and includes pricing information for beverages, pastries, and packaged goods, but the content is not accessible. For example, three products and two sizes are displayed at the top of the page, but prices are announced without reference to a size or product. In addition, after the third price at the top of the page was announced, the prices that were not visible were announced. A focus is not visible so it's not clear what prices were announced since each is announced without a label.

   iii.  Guideline 2.1.1 – Keyboard. The 'Quick Add' button does not receive focus and is not announced.

   iv.   Guideline 2.4.3 – Focus Order. The 10% of popup is not announced. This offer

is also displayed in the homepage carousel, but it's not announced there either. As noted in issue 1.1.1, the slide is only announced as "clickable" so SRUs cannot access either of the offers.

v.   Guideline 3.3.2 – Labels or Instructions. The Search button is not labeled. It's announced only as "link."

vi.   Guideline 1.4.5 – Images of Text. The 'Sign up for special offers' image on the homepage is not announced. The form fields are announced, but the label is not so users will not hear that special offers are available, nor will they understand the purpose of this form.

vii.   Guideline 4.1.3 – Status Messages. After adding a product to the cart, then the cart icon updates to show the total quantity and products added, but this is not announced. Instead, the following is announced; "loading page, still loading, loading complete" and then focus moves to the top of the page, so users do not hear that the product was added. Only visual cues are used.

18.    The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to third party vendor platforms does not absolve Defendant of culpability. Because stores are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(E) and Miami-Dade County Code 11A-20(e). Those requirements include a prohibition against subjecting patrons with disabilities to discrimination "through contractual, licensing, or other arrangements," such as use of third-party vendors' inaccessible platforms for their services.

19.    Defendant's website does not properly interact with the screen reader software technology in a manner that allows blind and visually impaired individuals to comprehend the website and does not provide other means to accommodate blind and visually impaired individuals. Plaintiff sues Defendant for offering and maintaining a website (software that is intended to run on computers) that is not fully accessible and independently usable by visually impaired consumers, in violation of Miami-Dade County Code 11A-19 (1).

20.    That Plaintiff could not communicate with or within the Website left him

feeling excluded, frustrated, and humiliated, and gave him a sense of isolation and segregation, as he cannot participate in the same shopping experience, with the same access to the merchandise, sales, services, discounts, and promotions, as provided at the Website and in the physical stores as the non-visually disabled public.

21.     Like the seeing community, Plaintiff would like the opportunity to test whether he can access Defendant's website to avail himself of the benefits, advantages, goods and services therein, and/or to assure himself that this website complies with the ADA so that he and others similarly situated will have full and equal enjoyment of the website without fear of discrimination. But unless Defendant has to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur, Plaintiff will continue to be denied full and equal access to the mobile website as described and will be deterred from fully using Defendant's website.

22.     Because of the nexus between Defendant's cafes and retail stores with the Website, and the fact that the Website provides support for and is connected to Defendant's place of public accommodation for its operation and use, the Website is an intangible service, privilege, and advantage of Defendant's brick-and-mortar cafes and stores that must comply with all requirements of the ADA, must not discriminate against individuals with disabilities and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages as afforded the non-visually disabled public both online and in the "Juan Valdez" physical cafes and stores locations, which are places of public accommodation subject to the requirements of the ADA.

23.     Plaintiff is continuously aware of the violations at Defendant's website and

knows that it would be a futile gesture to attempt to use the website as long as those violations exist unless he is willing to suffer additional discrimination.

24.     On or about August 23, 2023, Plaintiff, filed a claim for disability discrimination with the Miami-Dade Commission of Human Rights under Chapter 11A of the Miami-Dade County Code.

25.     On or about September 1, 2024, the Director of the Commission on Human Rights, Dismissed the Discrimination Charge and issued a Notice of Right to Sue, allowing Plaintiff to sue Defendants in the appropriate court of the State of Florida under Section 11A-24 (Public Accommodations) of the Miami-Dade County Code, copy attached hereto "**Exhibit A**".

26.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged here and this action is his only means to secure adequate redress from Defendant's discriminatory practice.

27.     Plaintiff has complied with all necessary requirements precedent to the filing of this action.

28.     Because of the foregoing, Plaintiff has had to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred, pursuant to 42 U.S.C. §12205, 760.50, 42 U.S.C. § 3613, Fla. Stat., and 11A-15, Miami-Dade County Code.

## COUNT I – DISABILITY DISCRIMINATION VIOLATION OF
## TITLE III OF THE ADA AND MIAMI-DADE COUNTY CODE 11A-19 (1)

29.     Plaintiff repeats and realleges allegations contained in paragraphs 1-28 as though fully set forth herein.

30.     The County Code requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purposes. Sec. 11A-19 (3)(c).

31.     Defendant's website has been designed to integrate with its brick-and-mortar cafes and stores, for example, the website itemizes products, locations, special sales, as well as all the ability to shop online and schedule for pick up and contact them. By and through this website, Defendant extends its public accommodation into individual persons' homes, portable devices and personal computers wherever located; therefore, the website is a service, facility, privilege, advantage, benefit and accommodation of Defendant's cafes and stores and is a nexus to its brick-and-mortar locations.

32.     Plaintiff qualified as an individual with disabilities, and a protected member under the ADA and the Miami-Dade County Code 11A-2(17)(c).

33.     As the owner and/or operator of "Juan Valdez" website, Defendant is required to comply with the ADA, and the Miami Dade County Code. This includes an obligation to create and maintain a website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the website and the content therein, including the ability to shop through the website, and contact the desired location.

34.     Defendant, NFCGC Cafe, LLC, as the owner and/or operator of the "Juan Valdez" cafes and stores open to the public, are both defined as place of public accommodation pursuant to 42 U.S.C. Section 12181(7)(B) as a "restaurant" and (E) as

a "retail store," 28 C.F.R. 36.201(a) and 36.104(2); and the Miami-Dade County Code 11A-20(b) and (e), and 11A-19(3)(f).

35.     Defendant and alike businesses are fully aware of the need to provide full access to all visitors to its website as such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

36.     Defendant have discriminated against Plaintiff and similarly situated disabled persons by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the "Juan Valdez" cafes and stores, in derogation of 42 U.S.C. §12101 et seq., and as prohibited by 42 U.S.C. §12182 et seq., in violation of Miami-Dade County Code 11A-19 (1).

37.     The above conduct of the Defendant in discriminating by distinction, preference in treatment, to access the services, advantages, or goods, of a public accommodation, and then to otherwise make unavailable or deny, to Plaintiff because of his disability is discriminatory and unlawful, and in total disregard of the Plaintiff's rights under the Miami-Dade County Code.

### COUNT II - DENIAL OF REASONABLE ACCOMMODATION
### VIOLATION OF TITLE III OF THE ADA AND MIAMI-DADE COUNTY 11A-19 (3)

38.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-28 as though fully set forth herein.

39.     Plaintiff is an individual with disabilities, protected member under the ADA and the Miami-Dade County Code 11A-2(17)(c).

40.     Discrimination is defined as the application of eligibility criteria that screen out individuals with disabilities from access and equally enjoying of goods, services,

privileges, advantages or accommodations, and refuse to make reasonable accommodations, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a public accommodation. 42 U.S.C. § 3604(f), Miami-Dade County Code Chapter 11A-19(3)(a)(c)

41.    Defendant has failed to provide reasonable accommodations and took no actions necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals from their place of public accommodation, Miami-Dade County Code Chapter 11A-19(3)(c).

42.    Plaintiff is continuously aware of the violations within Defendant's website and knows that it would be a futile gesture to attempt to use the website as long as those violations exist, therefore Plaintiff continues to suffer additional discrimination.

43.    Defendant knows that the County Code and the ADA require effective communications. But long after the required date of compliance, many public accommodations refuse to comply leaving Plaintiff feeling excluded and rejected because he is disabled. As a result, Plaintiff has suffered (and continues to suffer) frustration and humiliation as the result of the discriminatory conditions present within Defendant's website.

44.    By continuing to operate its website with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the public. By encountering the discriminatory conditions within Defendant's website and knowing that it would be a futile gesture to attempt to use the website unless he is willing to endure additional discrimination, Plaintiff is deprived of

the meaningful choice of freely visiting and utilizing the same accommodations readily available to the public and is deterred and discouraged from doing so. By maintaining a website with violations, Defendant deprives Plaintiff the equality of opportunity offered to the public.

45.    Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to conform its website to WCAG 2.1 Level A and AA Guidelines, to comply with the requirements of the ADA, and the Miami-Dade County Code 11A-19 (1).

46.    Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from Defendant's non-compliance with the ADA with respect to its website. Plaintiff has reasonable grounds to believe that she will continue to face discrimination in violation of the ADA and Miami Dade County Code 11A-19 (1)(3)(c).

47.    Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief as requested here.

48.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter its mobile website to make it readily accessible to and usable by Plaintiff and other persons with vision impairments.

**WHEREFORE,** Plaintiff, James Watson demands judgment against Defendant, NFCGC Cafe, LLC, d/b/a Juan Valdez, and requests the following injunctive and declaratory relief:

a. The Court declare that Defendants have violated the ADA and the Miami-Dade County Ordinances by discriminating against Plaintiff based on Disability.

b. The Court enter an Order directing Defendant to alter its website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA, Miami Dade County Code 11A-19 (1)(3)(c).

c. The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

d. The Court enter an Order directing Defendant to continually update and maintain its mobile website to ensure that it remains fully accessible to and usable by visually impaired individuals;

e. An award of appropriate compensatory and punitive damages of Ten Thousand Dollars ($10,000.00) to Plaintiff against Defendants to compensate for his actual damages and for the humiliation, embarrassment and emotional distress caused by the Defendants' discriminatory actions;

f. The Court award reasonable costs and attorney's fees; and

g. The Court award all other relief that may be necessary and appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury trial for all issues so triable.

Respectfully submitted on November 29, 2024.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC.
8950 SW 74th Court, Suite 2201
Miami, FL 33156
T:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*



**MIAMI-DADE COMMISSION ON HUMAN RIGHTS**
**111 NW 1 Street, 21st Floor, Miami, FL  33128**
**P. (305) 375-2784 F. (305) 375-2114**
ofep@miamidade.gov
**www.miamidade.gov/humanrights**

**miamidade.gov**

### *Dismissal of Discrimination Charge*

**Sent Via Email: pleadings@pelayoduran.com**

**CHARGING PARTY**
James Watson
c/o J. Courtney Cunningham, PLLC
8950 SW 74 Court, Suite 2201
Miami, FL 33156

**RESPONDENT**
NFCGC Cafe, LLC dba Juan Valdez Cafe
Store
c/o Registered Agent
Carmen Stewart
8333 NW 53 Street, Suite 450
Doral, FL  33166

**Charge Number: P-11324**

**TO THE AGGRIEVED PARTY: This is your NOTICE OF RIGHT TO SUE.**

**It is issued because the Director of the Miami-Dade Commission on Human Rights has dismissed your charge of discrimination. The issuance of this NOTICE OF RIGHT TO SUE terminates the Commission on Human Right's investigation of your charge.**

**If you wish to pursue your charge further, you have the right to sue the Respondent(s) in the appropriate court of the State of Florida pursuant to Sec. 11A-15 (Housing), of the Code of Miami-Dade County.**

**IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN 90 DAYS FROM RECEIPT OF THIS NOTICE; OTHERWISE, YOUR RIGHT TO SUE IS LOST.**

**For Miami-Dade Commission on Human Rights:**

*Erin A. New*

Erin A. New, Division Director
Commission on Human Rights, Human Rights & Fair Employment
Human Resources Department

Date:  **September 1, 2024**

cc:  **Respondent**

**Exhibit - A**

IN THE COUNTY COURT OF THE 11ᵀᴴ JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JAMES WATSON,                                    GENERAL DIVISION
                                                 CASE NO.: 2024-234466-CC-05
        Plaintiff,

v.

NFCGC CAFÉ, LLC,
d/b/a Juan Valdez

        Defendant.

_____/

To:     NFCGC CAFE, LLC, d/b/a Juan Valdez.
        By Serving Registered Agent
        Carmen Stewart
        8333 NW 53 Street, Suite 450
        Doral, Florida 33166

**YOU ARE HEREBY SUMMONED and required to serve upon Counsel for Plaintiff:**

                    J. Courtney Cunningham, Esq.
                    J. COURTNEY CUNNINGHAM, PLLC
                    8950 SW 74ᵗʰ Court, Suite 2201
                    Miami, Florida 33156
                    T: 305-351-2014
                    cc@cunninghampllc.com
                    legal@cunninghampllc.com

An answer to the Complaint, which is herewith served upon you, within 20 days after
service of the Summons upon you, exclusive of the day of service.  If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.  You
must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

                                        Juan Fernandez-Barquin,
                                        Clerk of the Court and Comptroller


DATE _____12/4/2024_____

                                        _____
                                        CLERK
                                        (BY) DEPUTY CLERK